**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

IN RE: ROBERT H. AJAMIAN,                    1:15-af-4
                                             (GLS)

                            Respondent.
_____

## ANTI-FILING INJUNCTION ORDER

On July 24, 2015, respondent Robert H. Ajamian was ordered to

show cause as to why he should not be enjoined from filing future cases in

this District without permission from the Chief Judge.  (Dkt. No. 1)

Although Ajamian has filed several responses, he has failed to provide

sufficient justification for his previous conduct.  (Dkt. Nos. 3, 4, 5, 6.)

Ajamian attempts to justify his conduct as the result of "procedural

confusion" on his part and "medical problems" involving bone spurs and

potentially diabetes.  (*See, e.g.* Dkt. No. 3 at 1-2.)  The reasons provided

do not excuse the conduct identified in this court's prior Order.  (Dkt. No. 1

at 2-3.)  It follows that Ajamian is permanently enjoined from filing any

document or pleading of any kind *pro se* in the Northern District of New

York without leave of the Chief Judge and subject to the requirements

outlined below.

**NOTICE TO PRO SE LITIGANT: FAILURE TO STRICTLY COMPLY WITH THE REQUIREMENTS OUTLINED BELOW MAY SUBJECT YOU TO FURTHER SANCTIONS, INCLUDING THE DISMISSAL OF YOUR COMPLAINT/PETITION OR REJECTION OF YOUR SUBMISSION.**

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that pursuant to 28 U.S.C. § 1651(a), Ajamian is permanently enjoined from filing any document or pleading of any kind with this court *pro se*, except as outlined below; and it is further

**ORDERED** that the Clerk of the United States District Court for the Northern District of New York shall maintain a miscellaneous file with the general title "In the Matter of Robert H. Ajamian." Unless otherwise ordered by the Chief Judge or his designee, this file shall serve as the repository of all orders relating to Ajamian in this District, documents submitted under the procedures set forth herein, any order entered pursuant thereto, and any document or pleading of any kind, whether rejected or not, submitted *pro se* by Ajamian. The Clerk of the Court shall also maintain a docket sheet associated with this file and shall list all documents filed therein; and it is further

**ORDERED** that before initiating any *pro se* action in this District or

2

filing a document of any kind with the court, Ajamian must first obtain permission from the Chief Judge or his designee. To do so, Ajamian must submit to the court three documents in the form described below: (1) a petition requesting leave to file; (2) an affidavit; and (3) a copy of the document or pleading sought to be filed. The filing shall be entitled "Application Pursuant to Court Order Seeking Leave to File," and shall contain the assigned miscellaneous file number in the caption; and it is further

**ORDERED** that a petition requesting leave to file must contain the following information:

(1) a statement advising the court whether any defendant to the lawsuit was a party, litigant, judge, attorney, court officer, public official or participant to, or was in any way involved in, any prior lawsuit or bankruptcy proceeding involving Ajamian, and if so, in what capacity;

(2) a list of all lawsuits in the United States District Court for the Northern District of New York, Court of Appeals for the Second Circuit, and state courts in which Ajamian was or is a party; the name, case number and citation, if applicable, of each case; a

statement indicating the nature of Ajamian's involvement in each lawsuit and its current status or disposition;

(3) a list of all federal or state cases in which a judgment was rendered against Ajamian, if any; the name, case number and citation, if applicable; the amount of the judgment rendered against him; the amount, if any, of the judgment that remains outstanding and the reasons therefor;

(4) a list of all federal or state cases in which a judgment was rendered in favor of Ajamian, if any; the name, case number and citation, if applicable; and

(5) a list identifying the procedural or monetary sanctions, assessment of attorneys' fees, contempt orders or jail sentences arising out of a civil prosecution imposed against him by any court, including all appellate courts, if any; the name, case number and citation, if applicable, of each case; a brief statement explaining the sanctions, contempt order, attorneys' fees or jail sentence imposed; the type or amount of sanctions; the outstanding amount of any sanctions or attorneys' fees; and the current status or disposition of the matter; and it is further

**ORDERED** that Ajamian shall also submit with the above petition an affidavit, in the proper legal form, with appropriate jurat and notarization, containing the following recitals:

(1) that the complaint or claims Ajamian wishes to present, or the relief he seeks, has never before been raised by him and disposed of by any federal or state court and are not, to the best of his knowledge, barred by collateral estoppel or res judicata;

(2) that to the best of his knowledge the claim or claims are not frivolous or taken in bad faith; that they are well-grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; that the lawsuit is not interposed for any improper purpose, such as to harass, cause unnecessary delay or needless increase in the cost of litigation, or to avoid the execution of a valid judgment;

(3) that the claim or claims are not meant to harass any judicial officer, attorney, individual, organization or entity; and

(4) that in prosecuting the action, Ajamian will comply with all federal and local rules of procedure, including those requiring the service on other parties of all pleadings and papers filed with the court, and will

5

provide the court with acceptable proof that such service was made; and it is further

**ORDERED** that Ajamian shall include with the above-described petition and affidavit a copy of the complaint and/or any other documents to be filed with the court. The complaint shall conform with the requirements of this Order, Fed. R. Civ. P. 8, all other provisions contained in the Federal Rules of Civil Procedure, and the Local Rules of Practice; and it is further

**ORDERED** that, upon filing of the Application Pursuant to Court Order Seeking Leave to File, the Clerk or his designated deputy shall docket the documents in the miscellaneous case and in accordance with the rules, and immediately forward them to the Chief Judge or his designee for review; and it is further

**ORDERED** that, if the Application Pursuant to Court Order Seeking Leave to File includes a pleading of any kind, the Clerk shall **STAY** the case and shall not issue the requisite summonses until directed to do so by the Chief Judge or his designee; and it is further

**ORDERED** that the Chief Judge or his designee should consider the following:

6

(1) whether Ajamian has complied with the procedures set forth in this Order in all particulars;

(2) whether Ajamian's complaint complies with the Federal Rules of Civil Procedure and Local Rules of Practice;

(3) whether the complaint is frivolous, abusive, harassing or malicious;

(4) whether the claims raised in Ajamian's complaint have been adjudicated previously by any state or federal court;

(5) whether Ajamian has complied in all respects with Fed. R. Civ. P. 11 and all pleadings and filings would not give rise to liability under 28 U.S.C. § 1927, regarding unreasonable and vexatious multiple filings;

(6) whether the complaint alleges claims against judges, court officials, public officers or any other individuals who may have immunity from suit; and

(7) whether the complaint meets such other reasonable requirements established by the court; and it is further

**ORDERED** that failure to comply with the procedures and principles set forth in this Order shall be grounds for denying the Application

Pursuant to Court Order Seeking Leave to File without further review. Likewise, false or misleading recitals in the complaint or petition shall be grounds for denial and may subject Ajamian to further sanctions under Fed. R. Civ. P. 11, 28 U.S.C. § 1927 and/or the court's inherent power to sanction a litigant for bad faith conduct or for disobeying court orders; and it is further

**ORDERED** that Ajamian is further advised that nothing in this Order hinders his ability to defend himself in any criminal action brought against him; limits his access to any court other than the Northern District of New York; or affects his rights in any of his currently pending actions in state or federal court; and it is further

**CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Ajamian by certified mail.

**IT IS SO ORDERED.**

August 10, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court