**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

IN RE: ROBERT H. AJAMIAN,　　　　　　　　　1:15-AF-0004-GTS

　　　　　　　　　Respondent.
_____

**GLENN T. SUDDABY, Chief United States District Judge**

## ORDER TO SHOW CAUSE

On September 12, 2017, Senior United States District Judge Gary L. Sharpe recommended that the undersigned consider whether a pre-filing order should be issued against a litigant proceeding under the name of Thomas E. Bowles III, whether the pre-filing order previously issued against Robert H. Ajamian on August 10, 2015, be amended to include Mr. Ajamian's apparent litigation on behalf of Mr. Bowles, or whether other appropriate action be taken. *Bowles v. State of New York*, 13-CV-1347, Bar Order, at 1, n.1 (N.D.N.Y. filed Sept. 12, 2017) (Sharpe, J.).

More specifically, Judge Sharpe explained as follows:

> On several occasions, the court received documents for filing signed by "Robert H. Ajamian." (Dkt. Nos. 16, 33, 40, 42, 44.) Ajamian is the subject of an anti-filing injunction,[1] which was issued in August 2015. (Dkt. No. 7, 1:15-af-4.) Ajamian and Bowles share the same penmanship, mailing address, and disregard for the court's orders, and the court has little, if any, doubt that Ajamian and Bowles are one in the same. Nonetheless, the anti-filing injunction identifies only Ajamian as the enjoined party. As a consequence, because of the likelihood that Bowles is merely an alias for Ajamian and for the same reasons that an anti-filing injunction was issued against Ajamian, the court refers this matter to Chief Judge Glenn T. Suddaby for consideration as to

---

[1] After the filing of the "anti-filing injunction" against Mr. Ajamian in August of 2015, the Court began calling such anti-filing injunctions "pre-filing orders," which are exactly the same as "anti-filing injunctions."

> whether an anti-filing injunction should issue as to Bowles, the
> order enjoining Ajamian should be amended to include Bowles, or
> any other action the Chief Judge deems appropriate.

*Bowles*, Bar Order, at 1, n.1.

Mr. Ajamian's relationship to Mr. Bowles appears to be that of a first cousin who claims ownership of a home that was allegedly purchased by Ajamian's mother in 1958 for her parents to live in, passed to Ajamian's and Bowles' grandmother upon the death of Ajamian's mother in 1981, and wrongly bequeathed by Ajamian's aunt to Bowles following the death of their grandmother in 1996. *Bowles v. State of New York*, 13-CV-1347, First Letter from Ajamian, at 1-2 (N.D.N.Y. filed June 4, 2014); *Bowles v. State of New York*, 13-CV-1347, Second Letter from Ajamian, at 1 (N.D.N.Y. filed Dec. 9, 2014).[2]  As a result, Mr. Ajamian claims to be an "interested party" in the legal action filed by Mr. Bowles, which regards the wrongful tax foreclosure regarding the home in 2008 or 2009.  *Bowles*, First Letter from Ajamian, at 1-2.

After carefully considering the matter, the undersigned finds that, while Mr. Ajamian and Mr. Bowles appear to be separate individuals (possessing separate dates of birth and Social Security numbers), Ajamian has drafted a complaint and motions for Bowles, (mis)advised him on legal issues, and essentially litigated the above-referenced action on behalf of him, with increasing vexatiousness.  As a result, the undersigned finds that, under the circumstances, Mr. Ajamian's actions have not only violated the spirit of the Court's prior pre-filing order against him but have "crossed the

---

[2] Mr. Ajamian alleges that he managed the property from 2004 to 2008, paid its tax bills from 2005 to 2008 and performed more than $30,000 in improvements to the property.  *Bowles*, First Letter from Ajamian, at 1-2.

line between filling out forms and engaging in the practice of law by rendering legal services" as a layperson. *Sussman v. Grado*, 192 Misc.2d 628, 632 (N.Y. Cty. Co., Nassau Cty., 2d Dist. 2002); *see also Matter of Rowe*, 80 N.Y.2d 336, 341-42 (N.Y. 1992) ("The practice of law involves the rendering of legal advice and opinions directed to particular clients."); *cf. In re Roel*, 3 N.Y.2d 224, 229 (N.Y. 1957) ("[W]hen legal documents are prepared for a layman by a person in the business of preparing such documents, that person is practicing law whether the documents be prepared in conformity with the law of New York or any other law."), *app. dismissed*, 355 U.S. 604 (1958).

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 [2d Cir. 2005]); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). Before imposing such limitations, the court should consider the following:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel;

3

and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 [2d Cir. 1986]).

Here, based on a careful review of Mr. Ajamian's litigation history, the Court finds that (1) he lacks a good-faith expectation in prevailing in his lawsuits and motions, or in lawsuits and motions prepared by him for other litigants, (2) he has proven himself to be vexatious and indeed incorrigible when either proceeding *pro se* or attempting to represent other litigants, (3) he has caused needless expense to other parties and placed an unnecessary burden on the Court and its personnel, and (4) he has demonstrated that no lesser sanctions (e.g., such as dismissal or chastisement) would be adequate to protect the Court and other parties, given his prior conduct.

Notwithstanding the overwhelming support for the amendment of the pre-filing order previously issued against Mr. Ajamian, fairness dictates that he be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As a result, he shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why the pre-filing order previously issued against him on August 10, 2015, should not be amended to preclude his litigation of actions on behalf of Thomas E. Bowles III or any other individual.

**ACCORDINGLY**, it is

**ORDERED** that Robert H. Ajamian shall, within **FOURTEEN (14) DAYS** of the date of this Order, show cause, *in writing*, why the pre-filing order previously issued against him on August 10, 2015, should not be amended to preclude his litigation of

4

actions on behalf of Thomas E. Bowles III or any other individual; and it is further

**ORDERED** that, if Mr. Ajamian does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, so amending the pre-filing order previously issued against him on August 10, 2015; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order to Mr. Ajamian via certified mail and a courtesy copy via regular mail to Mr. Bowles.

Dated: November 20, 2017
Syracuse, New York

Hon. Glenn T. Suddaby
Chief, U.S. District Judge